IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD WILLIS,

    Plaintiff,

v.

COMCAST OF OREGON II, INC. AN
OREGON CORPORATION; AND COMCAST
OF TUALATIN VALLEY, INC.,

    Defendants.

Case No. 06-1536-AA

OPINION AND ORDER

Eric J. Fjelstad
Smith & Fjelstad
722 N. Main Ave.
Gresham, OR 97030
    Attorney for plaintiff

Richard R. Meneghello
Rachelle Hong Barton
Fisher & Phillips LLP
111 SW Fifth Ave., Suite 1250
Portland, OR 97204
    Attorneys for defendant Comcast
    of Tualatin Valley, Inc.

1   - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action against his former employer, Comcast of Tualatin Valley, Inc., alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, the Oregon Family Leave Act ("OFLA"), Or. Rev. Stat § 659A.112, wrongful discharge in violation of public policy, and breach of the covenant of good faith and fair dealing. Defendants move to dismiss plaintiff's wrongful discharge claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's claim is precluded because an adequate statutory remedy exists. Defendants' motion is denied.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## BACKGROUND

Plaintiff was employed by defendants as a direct sales supervisor and lead supervisor for the Oregon market for sales for approximately six years. In 2005, plaintiff began investigating

and complaining to upper management about irregularities in defendants' business practices that made defendants appear to be more financially stable than they actually were. Plaintiff alleges that defendants may have overstated their books by between $32,000,000 and $128,000,000. Plaintiff's complaints to upper management were to no avail.

On November 15, 2005, plaintiff suffered a medical condition and was hospitalized. Plaintiff also took a medical leave of absence. On February 20, 2006, plaintiff returned to work and was notified on that same day that his employment was terminated.

Alleging pretextual motivations for his firing, plaintiff filed this lawsuit.

## DISCUSSION

Defendant moves to dismiss plaintiff's wrongful discharge claim, arguing that an adequate remedy exists under the Sarbanes-Oxley Act of 2002 ("SOX"). 18 U.S.C. § 1514A. Oregon Law permits a common law claim when the wrongful discharge of an employee thwarts an important public function and no statutory remedy exists. Delaney v. Taco Time International, Inc., 297 Or. 10, 14-15, 681 P.2d 114 (1984) (discharge for refusing to sign a false statement regarding a former employee); Nees v. Hocks, 272 Or. 210, 219, 536 P.2d 512 (1975) (discharge for serving on jury duty). In Oregon, one circumstance that implicates this tort is when plaintiff is discharged for complying with a public duty. McQuary

v. Bel Air Convalescent Home, Inc., 69 Or. App. 107, 110, 684 P.2d 21 (1984)(discharge for reporting patient abuse at a nursing home). Construing plaintiff's allegations as true, I find that the alleged reasons for plaintiff's discharge are actionable under Oregon tort law.

Nonetheless, defendants argue that SOX is an adequate remedy, and thus precludes plaintiff's wrongful discharge claim. Plaintiff responds that SOX is not an adequate remedy because punitive damages are not allowed. "Whether a federal law preempts a state law ultimately is a question of federal law (although the federal court may properly consider any limiting construction the state courts have given to the challenged state law)." Draper v. Astoria School District No. 1C, 995 F. Supp. 1122, 1126 (D. Or. 1998)(citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213-14 (1985)).

A recent decision by the Oregon Court of Appeals addressed the issue of statutory preemption and a claim for wrongful discharge in a two-part analysis. "Whether an existing statutory remedy is adequate in those respects depends on whether the statute demonstrates "the legislature's intent not only to provide what it considered to be adequate remedies to an employe[e] such as the plaintiff, but by implication show a legislative intent to abrogate or supersede any common law remedy for damages." Olsen v. Deschutes Co., 204 Or. App. 7, 15, 127 P.3d 655 (2006)(quoting Holien v.

Sears, Roebuck and Co., 298 Or. 76, 90-91, 689 P.2d 1292 (1984)).

As to the remedies that are provided by SOX for the employee, Congress explicitly provided for "all relief necessary to make the employee whole." 18 U.S.C. § 1514A(c). Congress further provided for specific types of compensatory damages such as reinstatement, back pay, and compensation for special damages such as attorney fees. Id. Thus, Congress may be said to have expressed an intent to provide for adequate remedies by detailing specific types of remedies in a comprehensive fashion.

However, the same cannot be said with respect to the intent to abrogate or supersede common law remedies. Even though SOX provides that a successful plaintiff is entitled "all relief necessary to make the employee whole," SOX explicitly states that "nothing in [the remedies] section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law. . . ." 18 U.S.C. § 1514A(d); see also Brown v. Transcon Lines, 284 Or. 597, 612-13, 588 P.2d 1087 (1978) (common law wrongful discharge serves two purposes, to vindicate the interests of the employee and society).

Accordingly, I find that SOX does not provide an adequate statutory remedy to preclude plaintiff's common law wrongful discharge claim.

///

///

CONCLUSION

Defendant's motion to dismiss (doc. 25) is DENIED.

IT IS SO ORDERED.

DATED this 25 day of October, 2007.

/s/ Ann Aiken
Ann Aiken
United States District Court Judge